IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEXUALITY AND GENDER ALLIANCE, an association,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Idaho State Superintendent of Public Instruction, *et al.*,<br><br>*Defendants-Appellees*. | No. 25-5036 |

### PLAINTIFF-APPELLANT'S UNOPPOSED SECOND MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b) and Circuit Rule 31-2.2(b), Plaintiff-Appellant respectfully moves for an extension of time in which to file an opening brief until 28 days after this Court resolves the motions for an injunction pending appeal in both this case, *Sexuality and Gender Alliance v. Critchfield* ("*SAGA*"), and the related case of *Jones v. Critchfield*, No. 25-5413. The opening brief is currently due on September 23, 2025. This is Plaintiff-Appellant's second request for an extension of time to file an opening brief in this appeal; the Court previously granted a 15-day extension of the original filing date, September 8, 2025, to mirror the briefing schedule in *Jones*. Defendants-Appellees do not oppose this motion.

As noted in the prior extension motion, this case and *Jones* are related. This

1

case challenges an Idaho law that bans transgender people from using restrooms consistent with their gender identity in K-12 public schools. The related case, *Jones*, challenges an Idaho law that bans transgender people from using restrooms consistent with their gender identity at public universities. Plaintiffs in both appeals argue that their exclusion from school restrooms matching their gender identity likely violates equal protection and Title IX (there is also a Title VII claim in the *Jones* appeal). Both appeals arise from the denial of motions for preliminary injunctions by the same district court. And both appeals involve overlapping counsel for the parties, with undersigned counsel representing Plaintiffs in both cases, and the Idaho Office of the Attorney General representing Defendants in both cases. The appeals are related under Circuit Rule 28-2.6 and, in light of that, are likely to be assigned to the same merits panel for disposition.

In both cases, Plaintiffs have moved for injunctions pending appeal. *SAGA*, Dkt. No. 4; *Jones*, Dkt Nos. 9, 14. The motion in *SAGA* is fully briefed; the motion in *Jones* is not yet fully briefed.

After this Court granted an extension in this case to mirror the briefing schedule in *Jones*, it subsequently scheduled oral argument on the motion for an injunction pending appeal for October 1, 2025, in *SAGA*. Dkt. No. 32. This Court's decisions on the motions for injunction pending appeal in *SAGA* and *Jones* have the potential to impact the remainder of the appeals or articulate reasoning

that may be informative to the parties. *See E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 661 (9th Cir. 2021) (discussing when order on motion for injunction pending appeal serves as precedent); *id.* at 661 n.3 (citing and discussing *Lair v. Bullock*, 798 F.3d 736, 747 (9th Cir. 2015). But at present, Plaintiffs' opening briefs in *SAGA* and *Jones* will be due before this Court issues orders on the motions for injunction pending appeal, in light of the October 1 argument date. The requested extension would allow both sides to consider any orders this Court issues on the pending motions when drafting their principal briefs, which is not possible under the current briefing schedule. The extension requested would also promote the interests of judicial economy by allowing the Court to review briefing that already accounts for any relevant legal developments associated with the resolution of the pending motions for injunctive relief, and it would avoid the parties simultaneously briefing and arguing the motions for injunction pending appeal at the same time they are briefing the merits of the appeals. As noted, Defendants do not oppose.

    As required by Circuit Rule 31-2.2(b), this request is supported by a showing of substantial need and diligence, as reflected in the attached declaration of counsel. *See generally* Decl. of Peter C. Renn. There is a substantial need for an extension of time contingent on when this Court resolves the pending motions for injunctions pending appeal. *Id.* ¶ 4. Counsel has also exercised diligence to

3

perform all of the tasks associated with prosecuting this appeal, although that work cannot at present account for any decision on the motions for injunctive relief; and the brief will be filed within the time requested, following this Court's decisions on those motions. *Id.* ¶ 5.

For the foregoing reasons, Plaintiff-Appellant respectfully requests that the Court grant their motion to extend the time for filing an opening brief until 28 days after this Court resolves the motions for injunction pending appeal in both *SAGA* and *Jones* (and, in the event those motions are resolved at different times, whichever is later, given that each decision may impact subsequent briefing in both appeals).

DATED: September 11, 2025

                                            Respectfully submitted,

                                            /s/ Peter C. Renn
                                            Peter C. Renn
                                            LAMBDA LEGAL DEFENSE AND
                                            EDUCATION FUND, INC.
                                            800 S. Figueroa St., Ste. 1260
                                            Los Angeles, CA 90017
                                            Telephone: (213) 382-7600
                                            prenn@lambdalegal.org

                                            Counsel for Plaintiff-Appellant
                                            Sexuality and Gender Alliance

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 742 words. This Motion complies with the typeface and the type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

/s/ Peter C. Renn
Peter C. Renn

Counsel for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on September 11, 2025, and that service will be accomplished by the appellate ACMS system on all registered participants.

/s/ Peter C. Renn
Peter C. Renn

Counsel for Plaintiff-Appellant